UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| JAMES L. HERRON, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| v. | ) | No. 4:10CV2046 TIA |
|  | ) |  |
| JEFF NORMAN, et al.[1], | ) |  |
|  | ) |  |
| Respondents. | ) |  |

**MEMORANDUM AND ORDER**

This matter is before the Court on the Petition of James L. Herron for a Writ of Habeas Corpus under 28 U.S.C. § 2254. The parties consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(b).

**Procedural History**

Petitioner, James Herron, is currently incarcerated at the Southeast Correctional Center located in Charleston, Missouri. On September 20, 2002, after a bench trial, the Circuit Court of St. Louis City found Petitioner guilty of murder in the second degree (Count I), two counts of robbery in the first degree (Counts III and V), and three counts of armed criminal action (Counts II, IV, and VI). (Resp't's Ex. 2 p. 54); State v. Herron, 136 S.W.3d 126, 127 (Mo. Ct. App. 2004). The court further found Petitioner to be a prior and persistent offender and sentenced him

---

[1] Because Petitioner is also challenging a consecutive sentence to be served in the future, Missouri Attorney General Chris Koster should be named as a proper party respondent. 28 U.S.C. § 2254, Rule 2(b). Future pleadings shall reflect this change in the caption.

to life imprisonment on each count, with Counts I, III, IV, V, and VI to be served concurrently, and Count II to be served consecutively to Count I. (Id. at 55-59); Herron, 136 S.W.3d at 127.

Petitioner appealed the conviction and sentence, and the Missouri Court of Appeals found that the judgment was premature and void, thus dismissing the appeal and remanding to the trial court to allow Petitioner the opportunity to file a motion for a new trial. Herron, 136 S.W.3d at 128. On December 6, 2004, the trial court re-issued the prior sentence and judgment. (Resp't's Ex. 8 pp. 12-16). Petitioner appealed, and on November 1, 2005, the Missouri Court of Appeals affirmed the judgment. (Resp't's Ex. 11); State v. Herron, 181 S.W.3d 142 (Mo. Ct. App. 2005).

Petitioner also filed a motion to vacate, set aside or correct the judgment or sentence under Missouri Supreme Court Rule 29.15 on May 15, 2006. (Resp't's Ex. 13 pp. 6-58) He filed an amended motion under Rule 29.15 on October 11, 2006. (Resp't's Ex. 13 pp. 59-70) The motion court denied the post-conviction motion after an evidentiary hearing, and the Missouri Court of Appeals affirmed. (Resp't's Ex. 13 pp. 92-100); Herron v. State, 308 S.W.3d 308 (Mo. Ct. App. 2010). Petitioner then filed the instant petition for habeas relief in federal court on October 27, 2010.

### Petitioner's Claims

In his Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus, Petitioner raises two claims for federal habeas relief:

(1) The charging document on Counts III and IV, first degree robbery and armed criminal action, alleged that Petitioner stole U.S. currency from the victim; however, he stole crack cocaine, not U.S. currency, which establishes his factual innocence of counts III and IV; and

(2) Petitioner received ineffective assistance of trial, appellate, and post-conviction counsel in that:

2

(a) trial counsel coerced Petitioner into having a bench trial instead of a jury trial;

(b) trial counsel conceded guilt in closing argument;

(c) trial counsel failed to object to the admission of bloody fingerprints and a palm print found at the scene but not disclosed to Petitioner;

(d) trial counsel failed to interview, depose, and call witnesses;

(e) trial counsel failed to challenge the sufficiency of the evidence on counts III and IV;

(f) trial counsel failed to challenge the competency of Dawn and William McIntosh;

(g) trial counsel failed to conduct proper discovery and investigation into the facts of the case;

(h) post-remand counsel waived the filing of a motion for new trial against Petitioner's explicit direction; and

(i) appellate counsel (actually post-conviction counsel) failed to raise the issues of counsel's failure to file a motion for new trial and concession of Petitioner's guilt to charges that varied from the indictment.

## Legal Standards

Under the Anti-Terrorism and Effective Death Penalty Act (AEDPA), federal courts review state court decisions under a deferential standard. Owens v. Dormire, 198 F.3d 679, 681 (8th Cir. 1999). "[A] district court shall entertain an application for a writ of habeas corpus . . . only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Further, a federal court may not grant habeas relief unless the claim adjudicated on the merits in state court "'resulted in a decision that

was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.'" Owens, 198 F.3d at 681 (quoting 28 U.S.C. § 2254(d)(1)). Findings of fact made by a state court are presumed to be correct, and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). See also Gee v. Groose, 110 F.3d 1346, 1351 (8th Cir. 1997) (state court factual findings presumed to be correct where fairly supported by the record).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-413 (2000). With regard to the "unreasonable application" clause, "a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413; see also Bucklew v. Luebbers 436 F.3d 1010, 1016 (8th Cir. 2006); Rousan v. Roper, 436 F.3d 951, 956 (8th Cir. 2006). In other words, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather that application must also be unreasonable." Williams, 529 U.S. at 411.

To establish ineffective assistance of counsel, a petitioner must satisfy a two prong test. Petitioner must demonstrate that counsel's performance was "deficient" and that such deficient performance "prejudiced" his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). The prejudice prong requires Petitioner to prove that but for counsel's deficiency, the outcome of his

4

trial would have been different absent counsel's error. Id. at 694; Bucklew, 436 F.3d at 1016. In other words, Petitioner must demonstrate "that counsel's errors were so serious that they rendered the proceedings fundamentally unfair or the result unreliable." Bucklew, 436 F.3d at 1016 (citation omitted). Further, "[j]udicial scrutiny of counsel's performance is highly deferential, indulging a strong presumption that counsel's conduct falls within the wide range of reasonable professional judgment." Id. (citation omitted). Because a habeas petition claiming ineffective assistance of counsel involves mixed questions of law and fact, legal conclusions are reviewed de novo, and state court findings of fact are presumed to be correct under 28 U.S.C. 2254(d). Sloan v. Delo, 54 F.3d 1371, 1383 (8th Cir. 1995) (citation omitted).

## IV. Discussion

### Claim One

Petitioner first contends that the charging document on Counts III and IV, first degree robbery and armed criminal action, alleged that Petitioner stole U.S. currency from the victim. However, he stole crack cocaine, not U.S. currency, which establishes his factual innocence of counts III and IV. The Missouri Court of Appeals addressed this claim and found:

> On February 20, 2001, defendant, James Herron, along with accomplices, murdered Marnette Clayton by stabbing her and removed four rocks of cocaine from her bra, which he and the accomplices smoked. Defendant and his accomplices also stabbed Ms. Clayton's boyfriend, Craig Young, injuring him, and took his pager, cell phone, and $500.00.
>
> Counts I through IV of the indictment charged offenses in which Ms. Clayton was the victim. Specifically, Count III charged defendant and the accomplices with the Class A felony of robbery in the first degree in that defendant and the accomplices "forcibly stole US currency owned by Marnette Clayton."
>
> In his opening statement, the prosecutor told the judge that four rocks of cocaine were stolen from Ms. Clayton, and he did not indicate any money was

taken from her. At trial, two of the accomplices testified to the theft of four rocks of cocaine from Ms. Clayton. There was no evidence that any money was taken from her.

At the conclusion of the state's case, defendant made a motion for acquittal that was solely directed to the first-degree murder count. Thereafter, defendant rested. In his closing argument, the prosecutor argued that defendant and his accomplices coolly reflected because Ms. Clayton had the four rocks of cocaine and Mr. Young had the $500.00 that defendant and accomplices wanted. During his closing argument, defense counsel focused only on whether defendant deliberated in Ms. Clayton's death. He added:

> That's the only issue in this case as I see it, okay? We're not contesting that my client wasn't involved in the robbery and wasn't involved in the death, but the extent of his involvement, that is the issue for us in this case.

He concluded:

> And what I'm asking the Court to do is find my client guilty of murder in the second degree, armed criminal action, robbery first, robbery first, with armed criminal action for what he did to and not for what the state infers what's in his state of mind. Thank you.

. . .

In his first point, defendant asserts the trial court plainly erred in entering judgment on Counts III and IV because the state did not show that defendant and his accomplices forcible[sic] stole "US Currency" from Ms. Clayton, as charged in the indictment; rather, the evidence showed that crack cocaine, and not money, was forcibly taken from Ms. Clayton. Defendant does not articulate in either the point or the argument under the point how his ability to prepare a defense was prejudiced.

Defendant failed to raise this error in his motion for acquittal. Accordingly, we may only review for plain error. See State v. Bockes, 943 S.W.2d 352, 352 (Mo. App. 1997). We will not review a claim of plain error under Rule 30.20 unless there are substantial grounds for believing that manifest injustice or miscarriage of justice has resulted. State v. Chaney, 967 S.W.2d 47, 59 (Mo. banc 1998), cert. denied, 525 U.S. 1021 (1998). There are no extraordinary circumstances in this case to justify reviewing this argument as a matter of plain error. State v. Mosley, 980 S.W.2d 1, 3 (Mo. App. 1998). The variance between the information and the proof on which the case was submitted at trial did not prejudice defendant's right to prepare an adequate defense of the charges against

> him because defendant conceded the robbery and defended only on the question of deliberation with respect to the first-degree murder charge. See State v. Lee, 841 S.W.2d 648, 651 (Mo. banc 1992); State v. Pride, 1 S.W.3d 494, 503 (Mo. App. 1999). Point one is denied.

(Resp't's Ex. 11 pp. 2-4)

Respondent contends that this claim is procedurally barred from federal review because Petitioner failed to raise the claim in the motion for acquittal, and no miscarriage of justice resulted that would warrant review. Alternatively, Respondent argues that Petitioner's claim lacks merit. The undersigned finds that the decision of the state court was not contrary to, nor did it involve an unreasonable application of, clearly established federal law.

The Eighth Circuit Court of Appeals has held that "[a]n issue that receives plain-error review on direct appeal in state court is not procedurally barred from review under the AEDPA." Rousan v. Roper, 436 F.3d 951, 962 n.4 (8th Cir. 2006) (citation omitted). However, in conducting federal habeas review, the court may not conduct its own plain error review *de novo*; instead, review of the state court decision is deferential and is limited to federal constitutional errors. James v. Bowersox, 187 F.3d 866, 869 (8th Cir. 1999). "The summary nature of the Missouri Court of appeals opinion does not affect this standard of review." Id. (citation omitted). "To justify federal habeas relief, the state court's application of governing federal law must be shown to be objectively unreasonable." Little v. Steele, No. 4:07CV357-DJS, 2010 WL 1254628, at *4 (E.D. Mo. March 24, 2010) (citation omitted).

Here, Petitioner argues that he is innocent of first degree robbery and armed criminal action as charged in Counts III and IV because he stole crack cocaine from Marnette Clayton and not US Currency, as erroneously stated in the indictment. Petitioner asserts that the evidence was

7

insufficient to establish guilt, beyond a reasonable doubt, that he stole US Currency from victim Clayton.

A federal court's review of a sufficiency of the evidence claim "is limited to determining 'whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" Gibbs v. Kemna, 192 F.3d 1173, 1175 (8th Cir. 1999) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)). Here, the record indicates that there was sufficient evidence to support the conviction of first degree robbery and armed criminal action in Counts III and IV with regard to the victim Clayton.

Missouri Revised Statutes § 569.020.1 provides in pertinent part, "[a] person commits the crime of robbery in the first degree when he forcibly steals property and in the course thereof he, or another participant in the crime, (1) [c]auses serious physical injury to any person; or (2) [i]s armed with a deadly weapon . . . ." Petitioner acknowledges that the evidence at trial established that he forcibly stole property from Ms. Clayton. (Petition A(3), ECF No. 1) The fact that the "property" was different in the charging document from what he actually stole does not alter the fact that the prosecution proved the essential elements of robbery in the first degree. Indeed, the Supreme Court of Missouri has stated that a variance between the information and the jury instruction causes reversible error only where the variance is material and prejudicial to the defendant. State v. Lee, 841 S.W.2d 648, 650 (Mo. 1992). Further, "[a] variance is prejudicial only if it affects the appellant's ability adequately to defend against the charges presented in the information and given to the jury in the instructions." Id.

Although Petitioner received a bench trial, not a jury trial, the evidence presented demonstrated that Petitioner held down Ms. Clayton while she was being stabbed, and Petitioner eventually cut the victim's throat with scissors, put a plastic bag over her head, and stuffed her in a laundry bag. Petitioner and his accomplices also took four rocks of crack-cocaine out of the victim's bra and smoked it. (Resp't's Ex. 1 pp. 155-58, 197)

Here, Petitioner does not challenge the sufficiency of the evidence as submitted to the court. Indeed, Petitioner's defense acknowledged that Petitioner played a role in the events but argued that the charge of first degree murder was inappropriate and that Petitioner's sentence should be less than life. (Id. at 290-92) The variance between the indictment and the proof of the case "did not prejudice [Petitioner's] ability adequately to defend against the charges brought." Lee, 841 S.W.2d at 651. Therefore, the Court finds that the discrepancy between "US Currency" in the indictment and "crack cocaine" in the evidence did not prejudice Petitioner's defense, and the evidence was sufficient to support the conviction for first degree robbery and armed criminal action in Counts III and IV. Thus, the state court's determination was not contrary to, nor did it involve an unreasonable application of, federal law, and the Court will deny Petitioner's first habeas claim as meritless.

### Claim Two: Ineffective Assistance of Counsel

#### A. Failure to Object to Evidence

Plaintiff raises nine separate grounds of ineffective assistance of counsel. He raised these claims in his pro se and amended motions for post-conviction relief. However, he raised only one of those claims in his post-conviction appeal. On appeal, Petitioner claimed that trial counsel was ineffective for failing to object to the undisclosed evidence of Petitioner's bloody fingerprints and

9

a palm print found at the scene. (Resp't's Ex. 14 p. 19) In affirming the motion court's conclusion that in light of the overwhelming evidence of guilt, there was no reasonable probability that the result of the trial would have been different had trial counsel objected, the Missouri Court of Appeals found:

> . . . In order to prevail on a claim of ineffective assistance of counsel, the movant must be able to show that counsel's performance did not conform to the degree of skill, care, and diligence of a reasonably competent attorney, and that this deficient performance prejudiced the movant. . . . This Court does not need to address both components of the inquiry if the movant makes an insufficient showing on one. Strickland v. Washington, 466 U.S. 668, 697 (1984); Sidebottom v. State, 781 S.W.2d 791, 796 (Mo. banc 1989).
>
> Assuming *arguendo* that trial counsel's performance was deficient, Movant was not prejudiced by this "deficient" performance. The evidence of Movant's guilt presented at his trial was overwhelming. Craig Young testified that when he went to the apartment of the Movant's girlfriend, Melissa Mozee, to bring Ms. Clayton some food, Mozee let him in, where he was attacked by Movant, and wrestled to the ground by Movant, Mozee, and Dawn and Tyrone MacInitosh, and where his mouth was taped shut and his hands and feet taped together. Mr. Young testified that Movant stabbed him in the back of the neck and in his throat, and held him down while Mozee also stabbed him. Dawn MacIntosh testified that Mozee asked her to help kill Ms. Clayton and Mr. Young, and that when Mozee started stabbing Ms. Clayton, the latter called for Movant to help her. Instead, Movant helped Mozee kill Ms. Clayton. Dawn MacIntosh testified at trial that Movant held Ms. Clayton down, that he cut her throat with scissors, and that he put a plastic bag over her head and wrapped a telephone cord around her neck. She stated that Mozee and Movant took crack cocaine from Ms. Clayton's clothing, put the body in a plastic bag, then put the bag into another bag, and put it on the porch. She further testified at trial that Movant and Mozee took money from Mr. Young as he lay taped up on the floor. Tyrone MacIntosh testified that on the night of the crimes, he was playing cards with Movant in a bedroom when he heard a call for help. He stated that Movant ran to help Mozee, and that he saw Mozee and Movant stab Ms. Clayton while his wife held Ms. Clayton's legs down. He further testified at trial that he saw Movant and Mozee put a bag over Ms. Clayton's head and wrap a telephone cord around her neck, and take drugs from her body after she had ceased to struggle. Mr. MacIntosh also stated that when Mr. Young entered the apartment with food for Ms. Clayton, Movant and Mozee rushed him, and that all four of them subdued him. He said that Movant and Mozee took drugs and money from Mr. Young, and that he and his wife got some

10

of the money. The State's evidence was uncontradicted. As the motion court correctly found, the evidence of Movant's guilt is overwhelming. In light of the overwhelming and uncontradicted evidence against Movant, if the evidence of Movant's bloody fingerprints had been excluded, there was no reasonable probability that the outcome of the trial would have been different, which is what is required to establish prejudice under Strickland. . . . Thus Movant did not establish that he was prejudiced by trial counsel's failure to object to the testimony about the bloody fingerprints. Movant did not establish the second prong of the Strickland test. Point denied.

(Resp't's Ex. 17 pp. 3-5)

As previously stated, habeas relief may not be granted unless the claim adjudicated on the merits in state court "'resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.'" Owens v. Dormire, 198 F.3d 679, 681 (8th Cir. 1999) (quoting 28 U.S.C. § 2254(d)(1)). "Therefore, we will not grant [petitioner's] habeas petition unless the state court's decision in this case was contrary to, or an unreasonable application of, the standard articulated by the Supreme Court in Strickland." Id.; see also Bucklew v. Luebbers, 436 F.3d 1010, 1016 (8th Cir. 2006) (where state court correctly identifies Strickland as the controlling authority, federal courts "address whether the state court unreasonably applied that precedent and whether the state court unreasonably determined the facts in light of the evidence presented."). "Judicial scrutiny of counsel's performance is highly deferential, indulging a strong presumption that counsel's conduct falls within the wide range of reasonable professional judgment." Bucklew, 436 F.3d at 1016 (citation omitted). Here, Petitioner has failed to demonstrate that trial counsel's performance was deficient or that he was prejudiced during the trial. Strickland, 466 U.S. at 687.

The record shows that the surviving victim and Petitioner's two accomplices all testified that Petitioner committed the crimes. The admission of finger and palm prints was nonessential to

Petitioner's conviction. As aptly stated by the Missouri Court of Appeals, the evidence against Petitioner was overwhelming and uncontradicted. (Resp't's Ex. 17 p. 5) While Petitioner argues that the outcome of the trial would have been different had his attorney objected to the admission of the bloody finger and palm prints, he fails to demonstrate how the exclusion of the evidence would have resulted in an acquittal. See Bounds v. Delo, 151 F.3d 1116, 1119 (8th Cir. 1998) ("Assuming that counsel should have objected to the now-challenged testimony, we are satisfied that there is no reasonable probability that the result of the trial would have been different had counsel successfully objected to the testimony. Thus, [petitioner] has failed to establish that he was prejudiced by counsel's alleged deficient performance.").

The Court therefore finds that the state courts did not apply the standards for ineffective assistance of counsel set forth in Strickland in an objectively unreasonable manner. The courts properly examined the prejudice prong against the plethora of evidence against the Petitioner and reasonably concluded that Petitioner failed to demonstrate prejudice. As a result, Petitioner is not entitled to habeas relief on his claim of ineffective assistance of counsel for failure to object to evidence of finger and palm print evidence.

## B. Procedurally Defaulted Claims

With regard to Petitioner's remaining claims of ineffective assistance of trial and appellate counsel, the Respondent correctly asserts that Petitioner has procedurally defaulted on these claims for failure to raise the claims in the state court of appeals. Indeed, Petitioner acknowledges that, although he presented the claims in his Rule 29.15 motion, he did not raise them on appeal. (Petition A(10), ECF No. 1) In his Petition, Petitioner asserts that trial counsel was ineffective for coercing Petitioner into having a bench trial; conceding guilt during the trial; failing to depose

and call witnesses; failing to challenge the sufficiency of the evidence in Counts II and IV; failing to challenge the competency of Dawn and William McIntosh; and failing to conduct proper discovery and investigation. He also asserts that post-remand counsel was ineffective for waiving the filing of a motion for new trial against Petitioner's explicit instruction. Finally, Petitioner claims that post-conviction appellate counsel was ineffective for failing to raise the ineffectiveness claims regarding not filing a motion for new trial and conceding guilt. (Petition A(8) - A(10), ECF No. 1)

Failure to present claims to the Missouri courts at any stage of the direct appeal or post-conviction proceedings constitutes procedural default. Sweet v. Delo, 125 F.3d 1144, 1149 (8th Cir. 1997); see also Anderson v. Groose, 106 F.3d 242, 245 (8th Cir. 1997) (citation omitted) ("A claim presented to the state court on a motion for post-conviction relief is procedurally defaulted if it is not renewed in the appeal from the denial of post-conviction relief."). A federal court lacks the authority to reach the merits of procedurally defaulted claims unless petitioner can show cause and prejudice for the default or demonstrate a fundamental miscarriage of justice. Schlup v. Delo, 513 U.S. 298, 314-15 (1995). "Establishing cause requires a showing of some external impediment that frustrates a prisoner's ability to comply with the state procedural rules." Malone v. Vasquez, 138 F.3d 711, 719 (8th Cir. 1998). Examples of such cause include a showing that a factual or legal basis for a claim was not reasonably available to counsel, or that interference by officials made compliance impracticable. Murray v. Carrier, 477 U.S. 478, 488 (1986)(citation omitted).

The miscarriage of justice exception applies only in extraordinary cases, particularly if a constitutional violation resulted in the conviction of an innocent person. Schlup, 513 U.S. at 327;

Murray, 477 U.S. at 496. This requires petitioner "to support his allegations of constitutional error with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial." Schlup, 513 U.S. at 324. The standard compels petitioner to persuade the court that in light of new evidence no juror would have found him guilty beyond a reasonable doubt. Schlup, 513 U.S. at 329; Perry v. Norris, 107 F.3d 665, 666 (8th Cir. 1997). The Supreme Court noted in Schlup that claims of actual innocence are rarely successful because this type of evidence is usually unavailable. Id.

While Petitioner concedes that he failed to raise the remaining ineffective assistance of counsel claims on appeal from the denial of his motion for post-conviction relief, he asserts that the procedural bar should be excused because he is factually innocent of the charges in Counts III and IV and because post-conviction motion and appellate counsel were ineffective for failing to raise the claims in the amended Rule 29.15 motion or on appeal. With regard to his claims of actual innocence, the Court reiterates that the variance between the charging document and the evidence supporting Petitioner's conviction was not prejudicial to Petitioner's defense, as properly determined by the Missouri Court of Appeals. Further, as appropriately stated by the Missouri Court of Appeals, the evidence of Petitioner's guilt was overwhelming. Finally, Petitioner presents no new reliable evidence that would convince this Court that, in light of such evidence, no juror would have found him guilty beyond a reasonable doubt.

Petitioner also appears to argue cause and prejudice based upon post-conviction motion counsel's failure to present the claims in the amended Rule 29.15 motion and post-conviction appellate counsel's failure to raise the claims on appeal. The record demonstrates that Petitioner's post-conviction counsel only advanced two claims in the 29.15 motion, ineffective

assistance of trial counsel for failure to object to the finger and palm print evidence and for conceding Petitioner's guilt. The Court has already addressed the issue regarding the evidence above. With regard to the alleged ineffectiveness for conceding Petitioner's guilt at trial, Petitioner did not raise this claim on post-conviction appeal but asserts that post-conviction appellate counsel's failure to raise the claim constitutes cause. Any error by post-conviction appellate counsel does not constitute cause to excuse the procedural default on ineffective assistance of counsel claims where the petitioner raised the claims in his initial post-conviction motion but failed to raise them on post-conviction appeal. Arnold v. Dormire, 675 F.3d 1082, 1086-87 (8th Cir. 2012); Dykes v. Koster, No. 4:12CV2299 CDP, 2013 WL 6096887, at *5 (E.D. Mo. Nov. 20, 2013). The record shows that Petitioner addressed his claim before the motion court yet failed to preserve the claim on appeal. Petitioner may not assert ineffective assistance of post-conviction appellate counsel as cause to overcome the procedural bar in this instance. Dykes, 2013 WL 6096877, at *6. Therefore, the Court will dismiss his claim that trial counsel was ineffective for conceding guilt as procedurally defaulted.

Petitioner also claims that trial counsel was ineffective for coercing Petitioner into having a bench trial; failing to depose and call witnesses; failing to challenge the sufficiency of the evidence in Counts III and IV; failing to challenge the competency of Dawn and William McIntosh; and failing to conduct proper discovery and investigation. In addition, he asserts that post-remand counsel was ineffective for waiving the filing of a motion for new trial. Petitioner raised these claims in his pro se Rule 29.15 motion, but did not raise them in his amended motion or on post-conviction appeal. Thus, he has procedurally defaulted on these claims. Petitioner argues, however, that ineffective assistance of post-conviction counsel caused his default.

15

"Inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." Martinez v. Ryan, 132 S. Ct. 1309, 1315 (2012). "For ineffective assistance of post-conviction counsel to constitute cause, petitioner must show that counsel's assistance was ineffective under the standards of Strickland v. Washington, 466 U.S. 668 (1984), and further demonstrate that the underlying claim of ineffective assistance of trial counsel is a "substantial" one, that is, that the claim has some merit." Moore v. Larkins, No. 4:10CV1244 FRB, 2013 WL 4091652, at *5 (E.D. Mo. Aug. 13, 2013) (citing Martinez, 132 S. Ct. at 1318). The Court previously set forth the standards for ineffective assistance of counsel under Strickland. The Court will therefore address whether Petitioner's underlying claims of ineffective assistance of counsel are meritorious.

Petitioner argues that trial counsel was ineffective for coercing Petitioner to have a bench trial. The record demonstrates, however, that Petitioner indicated to the court prior to trial that he voluntarily decided to proceed to trial without a jury and that he made the decision after talking to his attorney, who fully explained that Petitioner had a right to a jury trial. (Resp't's Ex. 1 pp. 5-6) Petitioner's own testimony on the record refutes his claim that he waived his right to a jury trial against his will. Thus, Petitioner is unable to demonstrate that trial counsel's performance was deficient or that the deficient performance prejudiced him during the trial. Strickland, 466 U.S. at 687.

With regard to his claims that counsel was ineffective for failing to depose and call witnesses and for failing to conduct proper discovery and investigation, Petitioner has failed to demonstrate that counsel was ineffective under Strickland. Decisions regarding witness selection are normally left to counsel's judgment, and courts do not second-guess this judgment by

16

hindsight. Hanes v. Dormire, 240 F.3d 694, 698 (8th Cir. 2001) (citations omitted). Further, "to succeed on a claim that counsel was ineffective for failing to investigate, petitioner may not base his claim on conclusory allegations but rather must allege what information his attorney failed to discover." Moore, 2013 WL 4091652, at *7 (citation omitted); see also Sanders v. Trickey, 875 F.2d 205, 210 (8th Cir.1989) (a habeas petitioner fails to demonstrate ineffective assistance of counsel under Strickland where he merely offers speculation that he was prejudiced by counsel's failure to interview witnesses).

Here, Petitioner fails to identify which witnesses counsel should have deposed and called or what information counsel would have discovered from these unidentified sources. Therefore, Petitioner's claims that counsel was ineffective for failing to depose and call witnesses and for failing to conduct proper discovery and investigation lack merit.

Plaintiff next claims that trial counsel was ineffective for failing to challenge the sufficiency of the evidence in Counts III and IV. "[S]trategic choices of trial counsel are entitled to great deference." Boyd v. Minnesota, 274 F.3d 497, 502 (8th Cir. 2001) (citation omitted). As stated above, the evidence of guilt was overwhelming. Further, although the charging document differed from the evidence, the evidence was sufficient to support the conviction for first degree robbery and armed criminal action in Counts III and IV. Thus, counsel was not ineffective for failing to challenge the sufficiency of the evidence where the claim was unlikely to succeed. See McReynolds v. Kemna, 208 F.3d 721, 724 (8th Cir. 2000) ("counsel did not act outside the spectrum of professionally reasonable performance in failing to urge a . . . claim unlikely to succeed.").

17

Petitioner further argues that trial counsel was ineffective for failing to challenge the competency of Dawn and William McIntosh. Petitioner asserts that the McIntoshes were under psychiatric care and treatment before and during the trial and remained under psychiatric care after. A witness who has received psychiatric treatment is presumed to be competent to testify, and to overcome this presumption a party must show that the witness does not have sufficient mental capacity to observe, recollect, and testify. Mitchell v. Kemna, 109 F.3d 494, 495-96 (8th Cir. 1997) (citations omitted). Petitioner's bald assertion that the McIntoshes were incompetent merely based on psychiatric care is insufficient to demonstrate incompetency. Id. at 496. Therefore, trial counsel was not ineffective for failing to challenge the competency of these witnesses. Id.

Next, Petitioner argues that post-remand counsel was ineffective for waiving the filing of a motion for new trial against Petitioner's explicit direction. The Court finds that this was reasonable trial strategy. Counsel sought, and received, convictions that carried the possibility of parole. (Resp't's Ex. 7 p. 6; Resp't's Ex. 12 pp. 50-52) Further, Petitioner was aware that waiving the motion did not limit his appeal and that counsel believed that it was in Petitioner's best interest not to file a motion for a new trial. (Resp't's Ex. 7 p. 3) In light of remand counsel's reasonable trial strategy, Petitioner has failed to demonstrate that "'there is a reasonable probability that but for defense counsel's failure to move for a new trial [Petitioner] would have gotten a new trial.'" Rice v. Wallace, No. 4:11CV00319 SNLJ, 2014 WL 752529, at *54 (E.D. Mo. Feb. 25, 2014)(quoting Smith v. Lockhart, 946 F.2d 1392, 1394 (8th Cir. 1991)). Because Petitioner's underlying claims of ineffective assistance of trial and remand counsel lack merit, the claims are not substantial under Martinez. "Therefore, it cannot be said that post-

conviction counsel was ineffective for failing to raise these non-meritorious claims in petitioner's amended motion for post-conviction relief." Moore, 2013 WL 4091652, at *11. Because post-conviction counsel did not provide ineffective assistance of counsel, Petitioner has not demonstrated the requisite cause to excuse his procedural default on his ineffective assistance of trial and remand counsel claims. Id. Therefore, these claims are procedurally barred from federal habeas review and will be denied.

### C. Non-cognizable Claim

Finally, Petitioner asserts that post-conviction appellate counsel failed to raise the issues of counsel's failure to file a motion for new trial and concession of Petitioner's guilt to charges that varied from the indictment. The Respondent correctly notes that a petitioner does not have a constitutional right to an attorney in state post-conviction proceedings. Sidebottom v. Delo, 46 F.3d 744, 751 (8th Cir. 1995) (citation omitted). As such, there exists no constitutional right to effective assistance of counsel in post-conviction proceedings, and alleged ineffectiveness of post-conviction counsel may not be a ground for federal habeas relief. Id.; 28 U.S.C. § 2254(i). Therefore, Petitioner's claim is not cognizable and will be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that the petition of James Herron for a writ of habeas corpus (ECF No. 1) is **DISMISSED** without further proceedings.

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 2253, no certificate of appealability shall issue in this cause inasmuch as Petitioner has failed to make a substantial showing that he has been denied a constitutional right.

A separate judgment in accordance with this Memorandum and Order is entered this same date.

                                          /s/ Terry I. Adelman
                                          UNITED STATES MAGISTRATE JUDGE

Dated this  24th  day of March, 2014.